J-S31038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY DAVID SMITH, | : | |
| | : | |
| Appellant | : | No. 266 EDA 2022 |

Appeal from the PCRA Order Entered January 11, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002026-2017

BEFORE: BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED OCTOBER 5, 2022**

Ricky David Smith appeals from the January 11, 2022 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court summarized the relevant facts of this case as follows:

> At approximately 4:30 P.M. on March 2, 2016, Appellant, an inmate at Curran-Fromhold Correctional Facility (hereinafter "CFCF"'), entered a designated officers' area while Corrections Officer Jaimie Harris (hereinafter "Officer Harris") completed inmate discharges. Appellant proceeded to move into the nearby phone room before returning to the officers' area, at which point he positioned himself with his foot propped up on a commissary box, while slightly less than one foot away from Officer Harris.
>
> Officer Harris testified that Appellant then placed his hands in the front of his pants and exposed his

_____

[*] Former Justice specially assigned to the Superior Court.

genitals to her. The situation escalated, leading Officer Harris to lock Appellant in the area for his own protection, as other inmates had begun reacting to the confrontation and "getting rowdy." Throughout this interaction, Officer Harris repeatedly demanded that Appellant stop exposing himself to her and stop using obscene language.

Officer Harris subsequently walked Appellant back to his cell. Approximately halfway to the cell, Appellant abruptly stopped and resisted officer efforts. Appellant moved close to Officer Harris, at which point she turned to get help from her partner, Officer Langdon. Officer Harris then felt a sharp blow to the left side of her face, near the corner of her mouth and under her nasal cavity. Officer Harris testified that the resulting wound "started pouring blood," and that "you could stick your finger through the cut" and move it back and forth. Officer Harris confirmed that Appellant was the person who wounded her, but she could not be certain whether or not Appellant had a weapon in his hand when, he struck her. She did indicate that she could feel her skin tearing.

Following the blow from Appellant, Officer Harris turned and struck Appellant in the face. She then watched Appellant, while gripping his own face, enter another inmate's cell and begin to wash the blood from his hands. It is unclear whether the blood on Appellant's hands carne from Officer Harris' wound or his own. Officer Harris was taken for medical treatment at the prison. The wound was so severe that medical staff on site were unable to stop the bleeding. Officer Harris was subsequently transported to Erie Torresdale Hospital for emergency care.

Due to the severity of the injury, Officer Harris underwent plastic surgery the following morning of March 3, 2016, at approximately 6:00 A.M. The initial procedure required thirty-five stitches. A second surgery had to be performed on January 11, 2017. Despite the plastic surgeries, Officer Harris was left with a visible ¾-inch scar, which runs from the inside of her lip to her nostril. Officer Harris now suffers from

> numbness on the left side of her face due to nerve damage resulting from this injury. She also experiences twitching, which requires her to drink with a straw and eat using the right side of her mouth.

PCRA court opinion, 3/16/22 at 2-3 (citations to notes of testimony omitted).

The relevant procedural history of this case, as gleaned from the certified record, is as follows: On May 15, 2018, Appellant waived his right to a jury and proceeded to a bench trial. That same day, Appellant was found guilty of aggravated assault, simple assault, indecent exposure, and recklessly endangering another person.[1] On July 5, 2018, Appellant was sentenced to an aggregate term of 4 to 8 years' imprisonment.[2]

On January 24, 2020, a panel of this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Smith*, 226 A.3d 652 (Pa.Super. 2020), *appeal denied*, 236 A.3d 1037 (Pa. 2020). Our Supreme Court denied Appellant's petition for allowance of appeal on June 15, 2020. *Id.*

On August 4, 2020, Appellant filed a timely *pro se* PCRA petition and Peter Alan Levin, Esq. (hereinafter, "PCRA counsel") was appointed to represent him. PCRA counsel filed an amended petition on Appellant's behalf on March 18, 2021. Thereafter, on August 24, 2021, the PCRA court provided

---

[1] 18 Pa.C.S.A. §§ 2702(a), 2701(a), 3127(a), and 2705, respectively.

[2] Appellant was represented at his waiver trial by Joel Krantz, Esq. (hereinafter, "trial counsel").

Appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant did not respond to the PCRA court's Rule 907 notice. On January 11, 2022, the PCRA court dismissed Appellant's petition without a hearing and permitted PCRA counsel to withdraw.

The record, however, reflects that PCRA counsel never filed a motion to withdraw. Thereafter, on January 19, 2022, PCRA counsel filed a notice of appeal on Appellant's behalf. On March 1, 2022, this Court issued an order directing the PCRA court to clarify Appellant's representation status. On March 7, 2022, the PCRA court entered an order reappointing PCRA counsel to represent Appellant on appeal.[3]

Appellant raises the following issues for our review:

> I. Whether the PCRA court erred in denying Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition?
>
> II. Whether the PCRA court was in error in not granting relief on the issue that counsel was ineffective for the following reasons?
>
>> A. Counsel was ineffective for failure to file a motion for reconsideration of sentence.
>>
>> B. Counsel was ineffective for failing to file a post[-]verdict motion that the verdict was against the weight of the evidence.

_____

[3] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant's brief at 8 (parentheses omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Patterson*, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Appellant first contends that the PCRA court erred in dismissing his PCRA petition without conducting an evidentiary hearing. Appellant's brief at 13-14.

This court has long recognized that there is no absolute right to an evidentiary hearing. *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an

evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa.Super. 2004). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

Instantly, Appellant contends that an evidentiary hearing was warranted in this matter because his trial counsel was ineffective for failing to file post-sentence motions challenging the weight of the evidence and for reconsideration of his sentence. Appellant's brief at 15, 17. We disagree.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011).

Upon review, we find that Appellant's ineffectiveness claims fail because he failed to satisfy the first and third prongs of the aforementioned test; namely, that his underlying claims have arguable merit and that he was prejudiced by trial counsel's failure to file to file post-sentence motions based on the weight of the evidence and the discretionary aspects of his sentence.

Our Supreme Court has long recognized that to prove prejudice, a petitioner must demonstrate that "but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013) (citation omitted). Thus, a petitioner seeking to establish prejudice for failure to file post-sentence motions must demonstrate that the trial court would have granted the motion had it been filed. *See e.g.*, *Commonwealth v. Reaves*, 923 A.2d 1119, 1131-1132 (Pa. 2007) (holding that whether "counsel can be deemed ineffective, then, depends upon whether [the defendant] has proven that a motion to reconsider sentence, if filed…, would have led to a different and more favorable outcome at [ ] sentencing."). Additionally, "[c]ounsel will not be deemed ineffective for failing to raise a claim that has no merit."

***Commonwealth v. Johnson***, 815 A.2d 563, 590 (Pa. 2002) (citation omitted).

Here, the record reflects that the filing of a post-sentence motion challenging the weight of the evidence would have been futile because the trial judge, sitting as factfinder, specifically indicated that it found the testimony of victim Officer Harris credible, and elected not to believe Appellant's version of the events:

> [T]he weight of the evidence supported the verdict. The fact that no video evidence of the incident exists is immaterial to the issue because Officer Harris's identification and testimony are sufficient to place Appellant at the scene of the injury. Therefore, Appellant's post-verdict motion that the verdict was against the weight of the evidence would have been denied and Appellant cannot establish relief under the prejudice prong….

PCRA court opinion, 3/16/22 at 7.

Likewise, we agree with the PCRA court that Appellant failed to demonstrate actual prejudice on account of trial counsel's failure to file a motion for reconsideration challenging the discretionary aspects of his sentence. As the PCRA court explained in its opinion,

> [Appellant] asserts that his sentence should have been less due to him waiving a jury trial and due to his mental state. Appellant further claims that this Court should not have considered the fact that the victim was a woman for purposes of determining Appellant's sentence. The claim is without merit.
>
> Prior to imposing sentence, this Court gave serious and careful consideration to numerous factors. The record indicates that this Court had reviewed the

presentence investigation report and the mental health evaluation referenced by Appellant in his Amended PCRA Petition. Further, the record clearly shows that this Court explicitly stated at the time of sentencing that it was taking into consideration that this was a waiver trial. Finally, this Court expressed that [it] was also taking into consideration the circumstances that occurred, as well as the fact that the Complainant in this incident was a woman, thereby permissibly considering the underlying facts and the overall effect and nature of the crime. Appellant has failed to demonstrate how the Court abused its discretion in issuing its sentence. This Court considered all relevant factors in issuing its sentence and therefore, Appellant's Motion for Reconsideration of Sentence would have been denied.

*Id.* at 8-9 (citations and internal quotation marks omitted).

Based on the foregoing, we find that Appellant's ineffectiveness claims are frivolous and unsupported by the record. ***See Wah***, 42 A.3d at 338. Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's petition without conducting an evidentiary hearing and affirm its January 11, 2022 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/05/2022